(49 South. 523.)

No. 17,620.

STATE v. MILLS et al.

(May 24, 1909.)

CRIMINAL LAW (§ 598*)—CONTINUANCE—ABSENCE OF WITNESSES.

Defendants, charged with a capital crime, applied for a continuance to the next session of the court on the ground of the temporary absence of a material witness for the defense from the state. The application was supported by the affidavit of both defendants. It contained the facts which they expected to prove by the witness. The court refused to grant the continuance on the ground that the defendants had not shown due diligence and that the facts sought to be proved were immaterial. The trial judge did not state in which way there was want of diligence. The appellate court is of opinion that due diligence was shown. It does not agree with the trial court that the facts expected to be shown by the absent witness were immaterial. They were of the utmost importance to the defense.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 598.*]

(Syllabus by the Court.)

Appeal from Thirteenth Judicial District Court, Parish of Grant; Wilbur Fisk Blackman, Judge.

Hargis Mills and Roy Miles were convicted of a crime, and appeal. Reversed and remanded.

W. C. & J. B. Roberts, John Alexander Williams, and Hunter & Hunter, for appellants. Walter Guion, Atty. Gen., and John Ransdell Hunter, Dist. Atty. (Ruffin Golson Pleasant, of counsel), for the State.

NICHOLLS, J. The defendants were indicted jointly under section 787 of the Revised Statutes for a crime the punishment of which was death. They were found "guilty without capital punishment," and have appealed. On the day fixed for the trial (April 12, 1909) they applied for a continuance of the case until the next session of the court on the ground of the absence of a material witness on their behalf. The court refused to grant the continuance, to which ruling the defendants filed a bill of exceptions.

In this bill it was recited:

"That the witness was a material witness for their defense. That he was temporarily absent from the state, but had his domicile and residence in the parish of Grant. That he was then at Dove, Ala.; that he left the state about the 23d of March, 1909, without the procurement, connivance, or knowledge of defendants. That said witness had been living in the parish of Grant for many years, and had been for at least 10 years employed at Pollock, in the parish of Grant. That he left before this cause was set for trial, and defendants did not know of his absence until they caused a subpœna to issue, which was immediately after the case was fixed for trial. That defendants did not know, and had no reason to suspect, that the witness was contemplating leaving the parish, or state of Louisiana. That he had been residing and employed at and about his home continuously as above stated. That defendants could prove by said witness certain facts mentioned, which they could not prove by any other witness. That testimony as to those facts was important and material. That they had summoned said witness, by issuing a subpœna and placing the same in the hands of the sheriff. That they had wired and endeavored to get the witness back from Alabama, learning of his departure, but had failed to procure his presence. That they expected and would have the said witness present at the next term of the court. That this application was not made for delay, but in order that justice might be done. That they had used due diligence to have the witness present, and that they could not safely go to trial without his presence and evidence."

The application for continuance was sworn to by both defendants.

The bill of exceptions recited that this motion was overruled by the court and the defendants were ordered to trial.

In the per curiam of the judge he stated that "no due diligence was shown by the defendants." The judge further states that:

"Under the charge it was immaterial whether the absent witness would swear to the facts stated in the motion for a continuance or not; that both defendants testified on the trial, and their testimony had gone to the jury."

The judge does not say how or in what respect defendants had failed to use due diligence, nor is there anything before us which would go to show that they had not done so. The continuance was refused by the court before the trial was entered into. The trial judge did not, at that time, know what evidence would go before the jury. His per curiam was written after the trial, and recited facts which could not have influenced him in reaching a conclusion as to whether the continuance should be granted or not. We differ entirely from the judge as to the materiality of the testimony of the absent witness. The facts sworn to were exceedingly important to have been made known to the jury in the defense of the suit. The ruling of the trial judge made it absolutely necessary that defendants, who were jointly indicted for the same crime, should take the stand on their own behalf—forced them to do so, when they might not have been called on to do so, had the facts sought to be proved been permitted to have been shown to the jury.

We are of the opinion that the continuance prayed for should, in the interest of justice to the accused, have been granted by the court, and that the failure of the trial judge to have granted the continuance under the circumstances of this case furnishes good ground for the reversal of the verdict of the jury and the judgment of the court based thereon.

For the reasons herein assigned, it is ordered, adjudged, and decreed that the verdict of the jury in this case be set aside, and that the judgment of the court, based on said verdict, be annulled, avoided, and reversed. A new trial is ordered in the case. The case is reinstated in the district court, and remanded to that court for further proceedings according to law.